From Homer L. Kreider, Harrisburg, Pa.

## Propagating License for Game.

SHULL, Dep. Att'y-Gen., July 31, 1930.—You ask to be advised whether a propagating license is necessary and may be issued by your Board of Game Commissioners under the following conditions which you present:

The Borough of Norristown maintains a small park, where it has a few game birds and game animals. It is the desire of the management to sell a few of the offspring, using the money for the erection of cages and purchase of food for the birds and animals.

The borough solicitor, at whose instance you write us, makes this inquiry: "as the municipality is part of the State of Pennsylvania, would it be necessary to secure a propagation license?"

We may preface our reply to your inquiry with the general proposition that game and fish, like light and air, are incapable of absolute ownership. The wild game of a state belongs to the people in their collective sovereign capacity, and is not the subject of private ownership, except in so far as the sovereignty, through legislative enactment, authorizes its capture, appropriation or use: Geer v. Connecticut, 161 U. S. 519; Com. v. Papsone, 44 Pa. Superior Ct. 128. Through statutes, the legislature has directed the methods, manner and conditions under which game may be taken, and the use to which it may be applied.

The legislative enactments regulating game and protected birds within the Commonwealth of Pennsylvania are set forth in "The Game Code of 1923" (Act of May 24, 1923, P. L. 359), and its amendments. The part of the code which pertains to propagation of game, the subject of your inquiry, appears in section 406, which provides that:

"Licenses issued to persons residing within this Commonwealth and of the age of twenty-one years or upwards, and to associations and corporations resident within this Commonwealth, shall authorize the holder thereof, and his or its assistants, to breed or raise game of any kind, and to sell the same, dead or alive, or the eggs of game birds, at any time, under the regulations hereinafter provided.

"It is unlawful to breed or raise game of any kind in captivity, or to sell eggs of game birds, without a propagating license, . . ."

Subsequent sections of the act relate to the character of premises suitable for purposes of propagation, enclosures for certain game, manner of sale of eggs and game raised, tagging and shipment thereof, etc., followed with penalties for violation.

The scheme of legislation thus provides the precise conditions and circumstances under which citizens may be permitted to kill game or birds, and the purposes and manner in which they may be captured; and having thus clearly expressed the method, manner and purposes in the matter of taking, the conclusion necessarily follows that other methods are excluded. The mere fact that the borough designated is a municipality of the Commonwealth does not carry with it the authority to exercise the right to capture, use or sell game, or its product or progeny. This prerogative exists only in the sovereignty of the state and may only be dispensed by the state, through its legislative body, by legislative enactment.

However, the municipality is such an association or corporate body resident within the Commonwealth as would come within the purview of the statute and a propagating license may be issued to it by the Board of Game Commissioners, upon compliance with the requirements of the statute.

It is our opinion, and we advise you, that said borough has no right as such municipality to capture, rear and sell game or birds, except in accordance with the provisions of the statute, and the first obligation for engaging in the enterprise is the procurement of the propagating license provided by the statute.

From C. P. Addams, Harrisburg, Pa.